IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII PACIFIC HEALTH; KAPIOLANI MEDICAL CENTER FOR WOMEN AND CHILDREN; KAUAI MEDICAL CLINIC; STRAUB CLINIC & HOSPITAL; WILCOX MEMORIAL HOSPITAL; HILTON HAWAIIAN VILLAGE LLC; HILTON WORLDWIDE, INC. dba HILTON WAIKOLOA VILLAGE; KYO-YA HOTELS & RESORTS, LP dba MOANA HOTEL; KYO-YA HOTELS & RESORTS, LP dba PRINCESS KAIULANI HOTEL; KYO-YA HOTELS & RESORTS, LP dba SHERATON MAUI RESORT & SPA; KYO-YA HOTELS & RESORTS, LP dba SHERATON WAIKIKI RESORT; KYO-YA-HOTELS & RESORTS, LP dba ROYAL HAWAIIAN HOTEL; MARRIOTT HOTEL SERVICES, INC. dba WAIKIKI BEACH MARRIOTT RESORT & SPA; MARRIOTT HOTEL SERVICES, INC. dba WAIKOLOA BEACH MARRIOTT RESORT; QSI, INC. dba TIMES SUPER MARKET; STARWOOD HOTELS & RESORTS WORLDWIDE dba THE WESTIN MAUI RESORT & SPA; KAUAI BLUE INC., dba SHERATON KAUAI; HILTON HOTELS CORPORATION; SAFEWAY INC.; THE RITZ-CARLTON HOTEL COMPANY, L.L.C. dba THE RITZ-CARLTON, KAPALUA; WALDORF-ASTORIA MANAGEMENT LLC dba GRAND WAILEA RESORT, <br><br>            Plaintiffs, <br><br>     vs. <br><br> DWIGHT TAKAMINE, DIRECTOR OF THE DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS, <br><br>            Defendant. | CIVIL NO. 11-00706 SOM/KSC <br><br> ORDER PERMANENTLY ENJOINING THE ENFORCEMENT OF SECTION 378-32(b) OF HAWAII REVISED STATUTES |

**ORDER PERMANENTLY ENJOINING THE ENFORCEMENT
OF SECTION 378-32(b) OF HAWAII REVISED STATUTES**

**I.     INTRODUCTION.**

In 2011, Plaintiffs, a group of Hawaii employers each with more than 100 employees and at least one collective bargaining agreement with a union, sued Defendant Dwight Takamine, Director of the Department of Labor and Industrial Relations (the "State"), challenging the validity of section 378-32(b) of Hawaii Revised Statutes. That statute prohibits employers from penalizing employees for taking sick leave, but applies only to employers with more than 100 employees and with collective bargaining agreements.

On December 31, 2012, this court held that section 378-32(b) was preempted by federal law and violated the Equal Protection Clause by impermissibly targeting employers with collective bargaining agreements. The court deferred determination of the remedy for the violations, allowing the parties to brief the remedy issue. Having reviewed the parties' briefs on the remedy issue, this court now permanently enjoins the enforcement of section 378-32(b).[1]

**II.    BACKGROUND FACTS.**

In 2011, the State of Hawaii enacted the law at issue in this case. See ECF No. 33-2. That law has been codified as

---

[1] Pursuant to Local Rule 7.2(d), the court determines this matter without a hearing.

section 378-32(b) of Hawaii Revised Statutes and states in relevant part:

> (b) It shall be unlawful for an employer or a labor organization to bar or discharge from employment, withhold pay from, or demote an employee because the employee uses accrued and available sick leave; provided that:
>
> (1) After an employee uses three or more consecutive days of sick leave, an employer or labor organization may require the employee to provide written verification from a physician indicating that the employee was ill when the sick leave was used;
>
> (2) This subsection shall apply only to employers who:
>
> (A) Have a collective bargaining agreement with their employees; and
>
> (B) Employ one hundred or more employees; and
>
> (3) Nothing in this subsection shall be construed to supersede any provision of any collective bargaining agreement or employment benefits program or plan that provides greater employee benefits or rights.

Haw. Rev. Stat. § 378-32(b).[2]

Plaintiffs challenged the validity of this law, seeking declarative and injunctive relief against the State.

This court determined that section 378-32(b) was preempted by the National Labor Relations Act ("NLRA"), 29 U.S.C.

---

[2] Plaintiffs did not challenge the portion of the statute stating that it applies only to employers with a hundred or more employees.

§§ 157-58.  The court also determined that section 378-32(b) violated the Equal Protection Clause by distinguishing between employers with collective bargaining agreements and those without collective bargaining agreements in the absence of any rational relationship between that distinction and any legitimate government purpose.  See ECF No. 67.

Plaintiffs seek to permanently enjoin the application of section 378-32(b).  In contrast, the State urges the court to sever section 378-32(b)(2)(A), the portion of the statute that makes it applicable to employers with collective bargaining agreements, while leaving the remainder of section 378-32(b) intact.  Because the State's proposed severance would impermissibly enlarge the scope of the statute beyond what the legislature intended, the court determines that enjoining the enforcement of section 378-32(b) is the proper remedy.

**III.    ANALYSIS.**

**A.    Section 378-32(b) Is Not Severable**.

Severability is governed by state law.  See Leavitt v. Jane. L., 518 U.S. 137, 138 (1996).  Section 1-23 of Hawaii Revised Statutes governs severability, stating, "If any provision of the Hawaii Revised Statutes, or the application thereof to any person or circumstances, is held invalid, the remainder of the Hawaii Revised Statutes, or the application of the provision to other persons or circumstances, shall not be affected thereby."

The Hawaii Supreme Court explained in State v. Bloss, 62 Haw. 147, 613 P.2d 354 (1980), "The general rule of law concerning the concept of severability is that if any part of a statute is held invalid, and if the remainder is complete in itself and is capable of being executed in accordance with the apparent legislative intent, then the remainder must be upheld as constitutional."  Id. at 154, 613 P.2d at 358 (citing Territory v. Tam, 36 Haw. 32 (1942)); see also, State v. Albano, 67 Haw. 398, 403, 688 P.2d 1152, 1156 (1984) ("Of course the remainder of the subsection is not invalidated since the other clauses are separable from the unconstitutional clause.").  But "[w]here part of a statute is unconstitutional and is inseparable from the remainder, the whole statute is invalid." Nelson v. Miwa, 56 Haw. 601, 611, 546 P.2d 1105, 1013 (1976).  The Supreme Court has explained that, after determining that part of a statute is unconstitutional, a court should ask, "Would the legislature have preferred what is left of its statute to no statute at all?" Ayotte v. Planned Parenthood of N. New England, 546 U.S. 320, 330 (2006).  The Supreme Court notes that "the touchstone for any decision about remedy is legislative intent, for a court cannot use its remedial powers to circumvent the intent of the legislature."  Id. (quotation marks and citation omitted).

The legislative history of section 378-32(b) indicates that one its earlier drafts may have applied to all employers.

5

In a Standing Committee Report of March 17, 2011, the Committee on Labor and Public Employment and Economic Revitalization and Business states that it inserted the conditions at issue here, making the statute applicable to "employers with 100 or more employees and a collective bargaining agreement with their employees." Standing Comm. Rprt. No. 966, S.B. No. 1076, Mar. 17, 2011.  The enactment of the statute including the clause restricting its application to employers with more than 100 employees and with collective bargaining agreements makes clear a legislative intent to limit the reach of the statute.  Nothing in the legislative history suggests that the statute would have been enacted absent the restriction to employers with collective bargaining agreements.  To the contrary, the same Standing Committee Report indicates that the purpose of section 378-32(b) was to specify that employers with 100 or more employees and a collective bargaining agreement could not take certain actions regarding sick leave.  Id.; see also Standing Comm. Rprt. No. 1200, S.B. 1076, Mar. 24, 2011 (same).

This court declines to invade the legislative domain by rewriting section 378-32(b) to apply to all employers with more than 100 employees.  Such a rewriting of the statute would expand the statutory scope without any evidence of a legislative intent to adopt such a far-reaching provision.  Instead, the court permanently enjoins the State from enforcing section 378-32(b).

The court sees no analogy between the present case and cases cited by the State in which courts extended benefits to groups impermissibly excluded from those benefits under various statutes. The present case involves a deliberately circumscribed statute and an absence of evidence that any sick leave provision would have been adopted at all absent that restriction.

### B. The State Is Permanently Enjoined From Enforcing Section 378-2(b).

The standard for granting a permanent injunction is essentially the same as for granting a preliminary injunction, except that a party seeking a permanent injunction must demonstrate actual success on the merits as opposed to a mere likelihood of success on the merits. See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n.12 (1987). A plaintiff seeking a permanent injunction must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExhange, LLC, 547 U.S. 388, 391 (2006). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." Id. at 391.

Given the court's ruling of December 31, 2012, that

section 378-32(b) violates the NLRA and the Equal Protection Clause, Plaintiffs easily satisfy the four-part test.  Section 378-32(b) impermissibly interferes with bargained-for rights and obligations.  No other remedy, such as money damages, is adequate to compensate for Plaintiffs' injuries.  The balance of hardships and the public interest weigh heavily in favor of enjoining the State from enforcing the impermissible statute.  If Hawaii's legislature wishes to reenact the statute without the offending language in an attempt to make it a minimum labor standard, it could, of course, do so in the next legislative session.

### C.   The Court Declines to Certify the Remedy Issue to the Hawaii Supreme Court.

The State argues that, before rejecting its severability argument, the court should certify the remedy issue to the Hawaii Supreme Court.

Whether a question should be certified to a state supreme court is a matter of judicial discretion.  See Riordan v. State Farm Mut. Auto Ins. Co., 589 F.3d 999, 1009 (9th Cir. 2009).  This court may certify a question to the Hawaii Supreme Court when: (a) there is a question concerning Hawaii law; (b) the question is determinative of the cause; and (c) there is no clear controlling precedent in Hawaii judicial decisions. Haw. R. App. P. 13(a).  Certification is inappropriate when the law is "reasonably clear such that the court can readily predict how the Hawaii Supreme Court would decide the issue."  Saiki v.

LaSalle Bank Nat'l Ass'n, 2011 WL 601139, at *6 (D. Haw. Feb. 10, 2011).

The court declines to certify the remedy issue to the Hawaii Supreme Court, as there is no unsettled issue of Hawaii law that this court is deciding. Instead, the court is being asked to apply well-established Hawaii law governing severability to a case involving a violation of federal law. Under these circumstances, certification is inappropriate, as the court can readily predict how the Hawaii Supreme Court would decide the remedy issue.

**IV.     CONCLUSION.**

The court permanently enjoins the State from enforcing section 378-32(b) of Hawaii Revised Statutes.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 1, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Hawaii Pacific Health, et al. v. Takamine; Civil No. 11-00706 SOM/KSC; ORDER OF PERMANENTLY ENJOINING THE ENFORCEMENT OF SECTION 378-32(b) OF HAWAII REVISED STATUTES